ROGERS *v.* MILLER.

If a party would avoid a sale or exchange of a chattel for breach of contract by the other party, he must not retain any part of the consideration he received upon such sale or exchange.

TROVER, for a horse. Facts found by the court. June 25, 1878, the plaintiff sold to the defendant a bay horse, warranted sound and kind, for $100. The sale was at the plaintiff's place of business in Boston, Mass., and the defendant took the horse to his home in Manchester. Upon using the horse the defendant ascertained that he was subject to fits ; and on July 5 he went to Boston, saw the plaintiff, and requested him to refund the $100, take back the horse, and pay damages. The plaintiff offered to exchange a black horse for the bay horse, and after some negotiations an exchange was agreed upon. The defendant took the black horse now in controversy to Manchester, upon the agreement and understanding, if he suited him, to return the bay horse and send $60 to the plaintiff by one Welch, a man doing business in Boston, and residing at Manchester, and who was then present at the trade. The plaintiff was then intending to start for Ohio on the next day, and requested the defendant to keep the bay horse at Manchester until his return. On his return to Boston, the plaintiff notified the defendant, and on July 18, the defendant sent the bay horse to Boston, and wrote the plaintiff as follows:

"Manchester, July 18.

"Mr. Rogers. Dear Sir: I have shipped the bay horse this morning to you. The black horse has been sick so I have not been able to use him much yet. He is better now and hope he will be all right. I will send down by Welch in a few days. Yours truly,                                        D. F. Miller."

The defendant did not send the $60 to the plaintiff, and on August 3 the plaintiff wrote asking him to send a check for that amount, and afterwards came to Manchester, and saw the defendant, and demanded the black horse. The defendant then refused

to pay the $60, offering to settle if the plaintiff. would allow for damages done by the bay horse's running away while in a fit. There was no agreement that the black horse should remain the property of the plaintiff until the bay horse was returned and the $60 paid. The plaintiff traded away the bay horse in a few days after the defendant returned him. Two questions are reserved. 1. Can the plaintiff maintain trover for the black horse? 2. If the action can be maintained, is the measure of damages $60 and interest, or the value of the black horse when delivered to the defendant, which the court finds was $150?

*Osgood & Prescott*, for the plaintiff. The sale of the black horse to Miller by Rogers was a conditional sale, *i. e.*, the defendant could take the black horse to Manchester and try him; if he suited him, he could have him by shipping the bay horse to the plaintiff and sending $60 in money by Welch. The shipping the bay horse and sending $60 by Welch were conditions precedent which must be performed · before the title to the black horse could pass to Miller. Kent Com. 496, 497, and cases cited; *Fuller* v. *Bean*, 34 N. H. 290; *Hirschorn* v. *Canney*, 98 Mass. 149.

The title to the black horse could not pass until the price was paid, there being no agreement to give credit and no waiver of payment. *Fuller* v. *Bean*, 34 N. H. 290; *Hirschorn* v. *Canney*, 98 Mass. 149; *Ballard* v. *Burgett*, 47 Barb. 646. The plaintiff, when he came to Manchester to ascertain why the $60 did not come, demanded his horse—which shows there was no waiver. The title would not pass by part payment of price, there being · no agreement to give credit for balance. The price must be paid in full. *Martin* v. *Eames*, 26 Vt. 476, 482; *Root* v. *Lord*, 23 Vt. 568.

We say no title to the black horse ever passed to Miller, and that trover can be maintained. Although we are satisfied to have damages assessed at $60 with interest, we think the decisions are that the measure of damages is the value of the horse when delivered to the defendant.

*Sulloway, Topliff & O'Connor*, for the defendant.

BLODGETT, J. This action cannot be maintained. Taking the view most favorable to its maintenance, by conceding that the pay-ment of the $60 was originally intended to be a condition prece-dent to the vesting of the property of the black horse in the defend-ant, it is obvious that the condition was waived by the plaintiff, and became inoperative when he accepted the bay horse without objection and without such payment, and traded away and con-verted him to his own use. He could not thus affirm one part of the contract and disaffirm the other; and having made his election, he must abide by it.

Judgment for the defendant.

CLARK, J., did not sit: the others concurred.